UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID JOHN MOSES,

   Plaintiff,

v.

DISTRICT OF COLUMBIA, et al.,

   Defendants.

Case No. 22-cv-05021-JSC

**ORDER OF DISMISSAL**

**INTRODUCTION**

Plaintiff is confined at Napa State Hospital[1] and is proceeding without representation by an attorney. He filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED because it does not state a claim upon which relief may be granted.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] At the time Plaintiff filed the complaint, he was confined at Marin County Jail. Although he has not updated this address in this case, he has indicated in another case that he has been transferred to Napa State Hospital. *See Moses v. Marin Corp., et al.*, No. 22-3206 JSC (PR) (ECF No. 11). )

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

The complaint includes a large number of claims against different defendants that suffer from a number of different problems. The claims against two of the Defendants are plainly frivolous. Plaintiff sues the District of Columbia "Corporation" for committing "fraud" by flying a "globalist flag" of "no nation," and he alleges that the District of Columbia is "owned by the Bank of London" which is "owned by the United Nations." (ECF No. 1 at 1.) Plaintiff also sues the United States "Corporation," against which he makes following allegations:

> The District of Columbia corporation the United States of 1871 was supposed to follow the organic Constitution and could only claim British Admiralty Maritime Law 10 miles outside of Washigton, D.C. . . . Congress in the District of Columbia is not following the Constitution of 1786 or the Rule of Law with jurisdiction and standing. For this reason, many Americans are having their rights violated. Others are being indoctrinated into a Fraudulent Corporation called the United States of 1871, and all other smaller corporations are unchecked!

(*Id*. at 2.) A claim is frivolous if it is premised on an indisputably meritless legal theory or is

1  clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Plaintiff's
2  allegations against the District of Columbia and the United States "Corporations" clearly lack any
3  factual basis and are premised on an indisputably meritless legal theory. Therefore, they must be
4  dismissed as frivolous.

5      Plaintiff brings claims against that San Rafael Police Department and three of its officers
6  relating to Plaintiff's arrests on two occasions. He alleges that officers John Carpenter and "John
7  Doe Two Leland" arrested him while he was driving, seized his car, brought him to jail, and
8  required him to sign papers. (ECF No. 1 at 2-3.) He also alleges that he got into an altercation
9  with Defendant San Rafael Police Officer "John Doe One" at the San Rafael Yacht Harbor and
10 was arrested. (ECF No. 1 at 3-4.) Plaintiff claims that these Defendants did not have
11 "jurisdiction" over him, and he claims they committed assault, theft, kidnapping, copyright
12 enfringement, extortion, and identity theft. (ECF No. 1 at 3-5.) Plaintiff also claims that
13 Defendant District Attorney Lori Furgoli filed false charges against him arising from these
14 incidents, which he claims constitutes "treason." (ECF No. 1 at 5-6.) Plaintiff claims that
15 Defendant Paul Haakenson, a Marin County Superior Court Judge, improperly found him
16 mentally incompetent to stand trial, put his trial on hold, sent him to Napa State Hospital, and
17 denied his petition for a writ of habeas corpus. (ECF No. 1 at 6-7.) Lastly, Plaintiff claims that
18 Defendants Marin County and Executive Officer James M. Kim are responsible for him not
19 receiving incoming mail at the Marin County Jail, including federal tax vouchers, and for
20 improperly charging his trust account for housing costs. (ECF No. 7-8.)

21     Plaintiff made these same claims in his prior lawsuit. *See Moses v. Marin County, et al.*,
22 No. 22-3206 JSC (PR) (ECF No. 10 at 3-10.) An in forma pauperis complaint that merely repeats
23 pending or previously litigated claims may be considered abusive of the judicial process and
24 dismissed on initial review of a pro se prisoner complaint. *See Cato v. United States*, 70 F.3d
25 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).
26 Consequently these claims will be dismissed.

27                               **CONCLUSION**

28     For the foregoing reasons, this case is DISMISSED. The Clerk shall enter judgment and

close the file.

**IT IS SO ORDERED.**

Dated: February 3, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge